# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE J. SMITH, JR.,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:07-cv-00161-JCM-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the court for initial review of the amended petition (#10) under Rule 4 of the Rules Governing Proceedings under Section 2254 (the "Habeas Rules") as well as upon petitioner's motion (#14) for a screening order and motion (#15) for magistrate examination.

    On initial review, there appear to be substantial issues on the face of the amended petition and state court record materials as to: (a) whether all of the claims in the amended petition are completely exhausted; (b) whether a number of claims therein are barred by procedural default; and (c) whether some claims fail to state a claim with the specificity required under Habeas Rule 2. The court concludes, however, that any such potential issues may be more efficiently resolved on a response or responses by the respondents with an adequate supporting record rather than upon a continuing *sua sponte* inquiry. The court therefore will direct service of the amended petition and a response as further specified below.

    The motion for screening will be granted to the extent consistent with this order.

1       The motion for magistrate examination will be denied. Under current practice in this district, the presiding district judge issues all orders in habeas cases.

      IT THEREFORE IS ORDERED that the clerk of court shall serve respondents by sending a copy of the amended petition[1] and this order by certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. In addition, the clerk shall return to petitioner a copy of his petition and accompanying papers.

      IT FURTHER IS ORDERED that, taking into account the number of claims, issues, and proceedings involved, respondents shall have sixty (60) days from the date of entry of this order within which to file a response. **The respondents shall address the issues in the sequence specified below.**

      IT FURTHER IS ORDERED, pursuant to Habeas Rule 4,[2] that the respondents' initial response shall address only the issue of exhaustion. The court defers consideration of any procedural default, pleading sufficiency or other preliminary defensive issues until after it first has addressed whether all of the claims in the amended petition, regardless of whether or not sufficiently pled, are completely exhausted. No defenses will be waived by virtue of the respondents addressing the issues in the sequence directed by the court.

      IT FURTHER IS ORDERED that any state court record exhibits filed by the respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27. The purpose of this provision is so that the court, the parties, and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

---

[1] The pages of the amended petition are mixed with copies of various state court record materials. To serve the amended petition, the clerk shall send the following pages to the respondents: #10, at CM/ECF pages 1-2; #10-7, at CM/ECF pages 7-40; and #10-8, at CM/ECF pages 1-10.

[2] Habeas Rule 4 provides in pertinent part that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

1     IT FURTHER IS ORDERED that petitioner shall have sixty (60) days from service of
2 the response to mail an opposition for filing. This deadline shall override any shorter deadline
3 in any form order issued hereafter by the clerk under the *Klingele* decision.

4     IT FURTHER IS ORDERED that petitioner's motion (#14) for a screening order is
5 GRANTED to the extent consistent with this order.

6     IT FURTHER IS ORDERED that petitioner's motion (#15) for magistrate examination
7 is DENIED.

8     DATED this 28th day of January, 2008.

*[signature]*

JAMES C. MAHAN
United States District Judge