# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE J. SMITH, JR.,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents*.

2:07-cv-00161-JCM-GWF

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the court on the respondents' motion (#25) to dismiss for lack of exhaustion as to a number of the claims. In the federal petition, as amended, petitioner Willie J. Smith, Jr. seeks to set aside his 2003 Nevada state conviction, pursuant to a jury verdict, of possession of stolen property and his adjudication as a habitual criminal. He was sentenced to a term of ten to twenty-five years. Smith challenged the judgment of conviction both on direct appeal and in a state post-conviction petition. Respondents contend that all or part of grounds 1, 2, 4, 7 and 9 are not exhausted.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.

*See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to a specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

#### *General Arguments*

Petitioner makes a number of general arguments seeking to avoid the application of the exhaustion requirement to his case.

Petitioner contends that the respondents acted improperly by filing a motion to dismiss on the basis of exhaustion and/or by referring in the motion to the existence of other possible defenses, such as procedural default, to certain grounds. The response filed fully complies with the court's service order (#17). The court directed the respondents to file an initial response addressing only the issue of exhaustion, and the court deferred consideration of any other defenses such as procedural default until after it had determined whether the petition, as amended, is completely exhausted. The respondents did not violate this order by filing a motion to dismiss, which is the proper procedural vehicle used to present an exhaustion defense. Nor did the respondents violate the order by referring to the existence of other possible defenses while seeking dismissal exclusively on the basis of exhaustion. The motion

to dismiss filed by the respondents properly raised the exhaustion defense and waived no other defenses.[1]

Petitioner further relies upon a purported "backdrop principle" and upon relation back of claims under *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 62 L.Ed.2d 582 (2005). The legal principles (and purported principles) to which he refers have no bearing on the exhaustion analysis. Instead, the standards outlined in the preceding section govern.[2]

The court therefore turns to the specific claims at issue.

***Ground 1***

In ground 1 of the federal petition, Smith alleges that he was denied a right to an impartial judge in violation of the Fifth, Sixth, and Fourteenth Amendments when the state trial judge (1) denied a continuance; (2) admitted bad act evidence; (3) allowed the prosecution to inform the jury that petitioner was the person seen stealing the vehicle; (4) told the jury that petitioner was incriminated when he elected to testify; (5) denied defense motions for a directed verdict and new trial; (6) denied a motion to vacate judgment; (7) denied a motion to vacate and dismiss the conviction; and (8) vindictively sentenced petitioner.[3]

---

[1] Petitioner additionally suggests that *ex parte* communication may have occurred in this court because an extension of time was granted on an extension motion as to which he allegedly did not receive a notice of motion. The motion (#22) has a certificate of service showing service upon petitioner, and the notice of electronic filing in the record further reflects that a notice was sent to petitioner. The court typically grants routine requests for an extension of time that do not unduly retard the progress of a case without holding action on the extension motion for a possible opposition. Petitioner has identified no circumstances suggesting or establishing that *ex parte* communication occurred. The court cautions petitioner – now for a second time – that if he continues to make unfounded allegations of impropriety in this matter, sanctions will be imposed. An order for sanctions based upon the making of false allegations further may give rise to a notice of a major violation under prison disciplinary regulation MJ48. See #20, at 1-2.

[2] Petitioner appears to suggest by his reliance upon "the backdrop principle" exhaustion of his claims in the Supreme Court of Nevada must be viewed against the backdrop of his filings submitted in the lower court. However, it is established law that the state supreme court is not required to comb through the state district court record to see if it can discover federal constitutional issues on its own. *Castillo*, 399 F.3d at 999-1000. The relation back principle in *Mayle*, which applies to the possible relation back of a claim in an amended federal petition to a claim in an original federal petition has nothing to do with exhaustion in the state courts.

[3] See #10-7, at electronic docketing pages 7-11. The forty-five pages of the amended petition are mixed with copies of various state court record materials.

Petitioner did not present a claim to the state courts that was based upon both the same operative facts and the same legal theory as federal ground 1. The closest claims to federal ground 1 were Smith's state post-conviction ground 1 and state ground 7. However, neither state ground presented both the same operative facts and the same legal theory as federal ground 1.

In state ground 1, Smith alleged that he was denied due process and equal protection of the laws when the state trial court denied a continuance, allowed the prosecution to inform the jury that petitioner was the person seen stealing the vehicle, told the jury that petitioner was incriminated when he elected to testify, admitted prior bad act evidence, and denied a defense motion for directed verdict and a new trial.[4]

State ground 1 did not present the same legal theory as federal ground 1. In federal ground 1, Smith alleges that he was denied his right to an impartial judge in violation of the Fifth, Sixth and Fourteenth Amendments. In state ground 1, he alleged only that the state court abused its discretion and thus denied him due process and equal protection. It is established law that mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not exhaust a specific federal claim. *Castillo*, 399 F.3d at 999. While state ground 1 relies upon some – but not all – of the same operative facts as federal ground 1, the state claim did not present the same legal theory. To exhaust the federal ground, the state ground must present the state courts with both the operative facts and the federal legal theory upon which the federal claim is based. *Castillo*, *supra*. Petitioner did not do so in state ground 1.

In state ground 7, Smith alleged that he was denied due process in violation of the Fifth and Fourteenth Amendments because the state trial court engaged in "judicial misconduct/bias." Even if this court were to assume, *arguendo*, that this state ground presented the same legal theory as federal ground 1 (which additionally relies upon the Sixth Amendment), state ground 7 was not based upon the same operative facts as federal ground

---

[4] #24-5, Ex. 12, at 11-12.

1. State ground 7 does not include any of the factual allegations of federal ground 1, and state ground 7 instead alleges vaguely only that the state trial judge engaged in an outburst in front of the jury that exhibited disdain and contempt for the petitioner, abandoned the role of an impartial officer, and became personally embroiled with the petitioner.

Federal ground 1 therefore was exhausted by neither state ground 1 nor state ground 7.

Petitioner's arguments to the contrary are unpersuasive.

Smith urges that the exhaustion doctrine does not bar review of ground 1 because the error is a structural error that cannot be ignored, circumvented, waived or procedurally defaulted. Regardless of whether or not an error allegedly is a "structural error," the petitioner nonetheless must exhaust the claim of error in the state courts. He did not do so here.

Petitioner further urges that the failure to consider federal ground 1 would result in a fundamental miscarriage of justice. This argument, however, pertains to an exception to the procedural default doctrine rather than to the application of the distinct exhaustion doctrine.[5]

Ground 1 therefore is not exhausted.

---

[5] In this regard, the standards for avoiding a procedural default (such as for an untimely and/or a successive state petition) are substantially the same in Nevada state court as they are in federal court. That is, the Nevada state courts apply substantially the same cause-and-prejudice standard as is applied in federal court in determining whether to excuse a procedural default. *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause-and-prejudice analysis and the federal cause-and-prejudice analysis are nearly identical). And the state courts apply the same federal standard in determining whether to avoid a procedural default on the basis that a fundamental miscarriage of justice would result from failure to consider a claim because the constitutional violation has likely resulted in the conviction of a person who is actually innocent. *See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

Thus, if, *arguendo*, petitioner in fact were able to overcome a procedural default on a showing that a denial of review on ground 1 would result in a fundamental miscarriage of justice, there would be no reason why he could not first present the ground to the state courts along with his argument in that regard. The state courts would be applying the same principles to his argument as would be applied in federal court. The court notes, however, that Smith's bald assertion that a denial of review would result in a fundamental miscarriage of justice falls far short of demonstrating actual innocence under the relevant case law.

*Ground 2*

In federal ground 2, Smith alleges that he was denied effective assistance of counsel when trial counsel: (a) failed to investigate the credibility of any of the sixteen prosecution witnesses; (b) failed to locate or interview potentially exculpatory "alibi" witnesses, including (1) Carlos Mullins, who would testify that the minivan was not empty and (2) Las Vegas Metropolitan Police Officer Eric Garcia, as his inventory would establish that the victim was lying; (c) failed to produce the three documents consisting of different accounts as to what the victim claimed was stolen; (d) failed to object when the state trial judge told the jury that petitioner was incriminated; (e) failed repeatedly to object to prosecutorial misconduct; (f) became confused during closing argument concerning the alleged fact that petitioner did in fact possess the minivan and the alleged fact that when petitioner was chased away from the minivan the stolen property existed; (g) asked the jury to convict the petitioner of a lesser included crime without his consent; (h) waited too late to raise a *Batson* challenge by raising the challenge only after the jury was empaneled and the remaining venire discharged; and (I) waited until trial to start actively representing conflicting interests.

Respondents contend that parts (b)(2), (c), and (d) of ground 2 are not exhausted. Petitioner does not challenge the respondents' specific arguments regarding these claims, and he expressly abandons the unexhausted sub-parts contained in the ground.

The court accordingly holds, on the showing and arguments made, that parts (b)(2), (c), and (d) of ground 2 are not exhausted.

*Ground 4*

In federal ground 4, Smith alleges that he was denied due process and a fair trial in violation of the Fifth and Fourteenth Amendments due to prosecutorial misconduct when the prosecutors: (a) "bamboozled" petitioner into believing that his trial counsel was competent and that he was viewed by the trial judge to be competent; (b) amended the information on the day of trial to drop the grand larceny auto charge but continued without objection to tell the jury that petitioner stole the vehicle; (c) failed to call Officer Garcia, who allegedly conducted the vehicle inventory, as a prosecution witness; (d) informed petitioner that it would

be improper for him to take the witness stand; (e) "is reminded from North Las Vegas Police Officer Jeffrey Pollard, that Metropolitan Police Officer Eric Garcia, conducted the vehicle inventory with the alleged victim;" (f) informed the jury that all of the police officers testified that the alleged stolen property was no longer there; (g) claimed that there was no police inventory; (h) told the jury that the victim saw the petitioner backing out in the van when petitioner implored from the witness stand that the prosecution read Officer Garcia's report; (I) told the jury that a crime was committed when the vehicle was stolen; and (j) alerted the jury that there was only one issue of whether petitioner knew the van was stolen and whether or not he knew the missing property was in the back, whereas petitioner later was found not guilty of possession of a stolen vehicle.

Respondents contend that parts (a) and (d) of ground 4 are not exhausted. Petitioner does not challenge the respondents' specific arguments regarding these claims, and he expressly abandons the unexhausted sub-parts contained in the ground.

The court accordingly holds, on the showing and arguments made, that parts (a) and (d) of ground 4 are not exhausted.

**Ground 7**

In federal ground 7, Smith alleges that he was denied Fifth and Fourteenth Amendment rights to be free from judicial bias when the state trial judge: (a) denied a continuance; (b) allowed the introduction of other bad act evidence; (c) allowed the prosecution to amend the information on the day of trial; (d) allowed the prosecution then to inform the jury throughout the trial that petitioner stole the vehicle although he was on trial for possession of a stolen vehicle; (e) told the jury that the petitioner was incriminated when he was on the stand; (f) disqualified himself from case no. C182521 because of his remarks in the case and sent that case to another judge; (g) denied a motion for new trial; (h) sentenced petitioner despite being asked to recuse himself; (I) appointed one of his former law clerks to represent petitioner on appeal; and, as construed by respondents, (j) acted deliberately and deceptively to discriminate against petitioner. (For consistency, the court has used letters rather than the numbers that petitioner used to break down the subparts of ground 7).

Respondents contend that – as designated above – only parts (e), (I) and (j) are exhausted. Petitioner does not challenge the respondents' specific arguments regarding the remaining claims, and he expressly abandons the unexhausted sub-parts contained in the ground.

The court accordingly holds, on the showing and arguments made, that parts (a), (b), (c), (d), (f), (g) and (h) of ground 7 are not exhausted.

***Ground 9***

In federal ground 9, Smith alleges that he was denied Fifth, Ninth, and Fourteenth Amendment rights to justice without obstruction when Judge Stewart Bell heard his state post-conviction petition, following upon the retirement of the trial judge, despite Judge Bell allegedly having appeared in the case while he was district attorney. He further alleges that Nevada Supreme Court Justice Michael Douglas improperly sat on his post-conviction appeal for the present conviction, under state case no. C182520, after having sat as a district judge on the state case no. C182521, which was the case from which the state trial judge on the present conviction disqualified himself.

This court is not persuaded by the petitioner's suggestion that he was unable to raise at an earlier time the alleged impropriety of Judge Bell hearing his state post-conviction petition. Nothing prevented petitioner from objecting in the state district court to Judge Bell hearing his case, and nothing thereafter prevented him thereafter from raising the issue in the Supreme Court of Nevada prior to its decision on the post-conviction appeal.

The court similarly is not persuaded by the petitioner's suggestion that he could not raise the alleged impropriety of Justice Douglas sitting on the appeal prior to a decision being rendered on the state post-conviction appeal.

The court further is not persuaded that petitioner fairly presented these issues to the Supreme Court of Nevada by raising them for the first time in petitions for rehearing and rehearing *en banc*. See #10-6, at electronic docket pages 29-40; #10-7, at electronic docket pages 1-6 (rehearing petitions and orders denying same). The Supreme Court of Nevada denied the petition for rehearing with a one-line "rehearing denied" and a citation to Rule 40(c)

1  of the Nevada Rules of Appellate Procedure. #10-6, at electronic docket page 39. Rule 40(c)
2  provides in pertinent part that "no point may be raised for the first time on rehearing."
3  Similarly, the state high court denied the petition for *en banc* reconsideration under Nevada
4  Rule of Appellate Procedure 40A, of which paragraph (c) states in pertinent part that "no point
5  may be raised for the first time."  Presentation of the claim on appeal for the first time in the
6  petitions for rehearing and rehearing *en banc* did not constitute fair presentation to the state
7  courts because new points presented for the first time in such petitions are not considered
8  by the state high court under Nevada appellate rules.

9  Petitioner further urges that the failure to consider federal ground 9 would result in a
10 fundamental miscarriage of justice.  As discussed under ground 1, however, this argument
11 pertains an exception to the procedural default doctrine rather than application of the distinct
12 exhaustion doctrine.[6]

13 Ground 9 therefore is not exhausted.[7]

14 IT THEREFORE IS ORDERED that respondents' motion (#25) to dismiss for lack of
15 exhaustion is GRANTED on the basis that the following claims are unexhausted: ground 1;
16 parts (b)(2), (c), and (d) of ground 2; parts (a) and (d) of ground 4; parts (a), (b), (c), (d), (f),
17 (g) and (h) of ground 7; and ground 9.

18 IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this
19 order within which to file a motion for dismissal without prejudice of the entire amended
20 petition, for partial dismissal only of the unexhausted claims listed above, and/or for other
21 appropriate relief.

---

[6] See text at 5 & n.5.

[7] The court further notes that ground 9 is not cognizable in federal habeas corpus. The claim challenges alleged errors occurring in the state post-conviction proceedings. A federal habeas petition must be directed to the question of whether the petitioner's detention violates federal law. Alleged errors in the manner in which state post-conviction proceedings are conducted are not cognizable on federal habeas review. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). While alleged errors in the state post-conviction proceedings perhaps may have a bearing on other issues in the case, they do not present independently cognizable claims in federal habeas cases. The court has jurisdiction under the habeas statutes to entertain collateral challenges to a state court judgment of conviction, not claims of error as to other state court judgments.

The entire petition, as amended, will be dismissed without prejudice for lack of complete exhaustion if an appropriate motion is not timely filed.

DATED this 17th day of March, 2009.

_____
JAMES C. MAHAN
United States District Judge